# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CARLOS CARRILLO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 05 C 0686 ) |
| STATE OF ILLINOIS, | ) Judge John W. Darrah ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Carlos Carrillo, filed suit against Defendant, the State of Illinois, seeking redress and injunctive relief under Title 42 U.S.C. § 1983, § 1985 and § 1986 for the State's alleged violations of Carrillo's Constitutional rights under the Fifth, Sixth, Eleventh, and Fourteenth Amendments. Presently pending before this Court is Defendant's Motion to Dismiss.

A reading of the Complaint supports the following summary of the alleged operative conduct of the parties.

On September 30, 2002, Judge Timothy Chambers, in the Circuit Court of Cook County, Illinois, issued a plenary order of protection against Carrillo. Carrillo was not notified of the hearing, was not present in court, and was not informed of the entry of the order. On October 3, 2002, Carrillo was arrested and criminally charged for violating the order of protection. On October 4, 2002, Carrillo was brought before the court for a bond hearing on the criminal charges; at which time, Judge Chambers ordered Carrillo incarcerated without bond. On November 22, 2002, Carrillo filed an unsuccessful motion to vacate the previously entered order. On April 9, 2004, Judge Grace Dickler, in the Circuit Court of Cook County, entered a six-month order of protection against Carrillo. Thereafter, on or about December 17, 2004, Judge Dickler issued a two-year order of protection against Carrillo.

In reviewing a motion to dismiss, the court reviews all allegations in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). A plaintiff is not required

to plead the facts or the elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002) (*Swierkiewicz*); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). A filing under Federal Rules of Civil Procedure need not contain all the facts that will be necessary to prevail. It should be "short and plain," and it suffices if it notifies the defendant of the principal events. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). The simplified notice pleading relies upon liberal discovery and summary judgment motions to define disputed issues and facts and to dispose of unmeritorious claims. *See Swierkiewicz*, 534 U.S. at 513. Even though a complaint need not contain all the facts necessary to prevail, the Court does not ignore allegations of facts which undermine a Plaintiff's claim; and the Court is not required to accept a plaintiff's legal conclusions. *Am. Nurses' Assn v. Ill.*, 783 F.2d 716, 724 (7th Cir. 1986). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A court will dismiss a complaint under Rule 12(b)(1) and Rule 12(b)(6) if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Ledford v. Sullivan*, 105 F.3d 354, 357 (7th Cir. 1997) (quoting *Hishon v. King & Spaulding*, 4667 U.S.69, 73 (1984)).

The essence of Carrillo's Complaint and prayer for relief is that the State, through its court system, improperly conducted judicial proceedings and unlawfully issued and enforced orders of protection and incarceration against him.

The State argues that Carrillo's Complaint against its court system fails because it does not state a claim upon which relief may be granted by a federal court.

Under the provisions contained in Title 42 U.S.C. § 1983, a plaintiff may establish liability and be granted relief where he has been deprived of rights or privileges secured for him by the Constitution and law. Both legal and equitable remedies are contemplated by § 1983; however, applicability of the statute is limited in scope. Specifically required by § 1983 is that the violative conduct complained of by the plaintiff be committed by a "person." Absent the filing of a claim naming a person or a showing by a plaintiff that the named defendant in a § 1983 proceeding is a

2

person, a complaint does not constitute a cause of action upon which a federal court may grant relief. Within the meaning of § 1983, a state is not a person and, therefore, cannot be subject to the statute's liability provisions. *Will v. Mich. Dept. of St. Police*, 491 U.S. 58, 646 (1989) (*Will*). Carrillo cannot prove the personality element required by Title 42 U.S.C. § 1983. Accordingly, there is no remedy available to Carrillo in this Court.

The State also argues that if the Complaint is found to adequately state a claim, the Court lacks subject matter jurisdiction to entertain the suit based on the State's sovereignty. In response to this argument, Carrillo contends that by virtue of the State's enactment of gender-discriminating domestic violence laws, it effectively waived its right to sovereign immunity.

Generally, the Eleventh Amendment's sovereign immunity clause expressly precludes federal courts from exercising jurisdiction over any law or equity claims against a state. *Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 446 (2004); *Will*, 491 U.S. at 66; *Pennhurst St. Sch. v. Halderman*, 465 U.S. 89, 100-01 (1984) (*Pennhurst*). An exception to this jurisdictional bar exists only if the state consents to the suit or if Congress uses its powers under the Fourteenth Amendment to abrogate the state's immunity. *Will*, 491 U.S. at 66; *Atascadero St. Hosp. v. Scanlon*, 473 U.S. 234, 238 (1985) (*Atascadero St. Hosp.*). The mere presence of a federal question does not, in and of itself, divest a state of its sovereign immunity. *Daye v. Pa.*, 344 F. Supp 1337, 1343 (E.D. Pa. 1972) (*Daye*), *aff'd*, 483 F.2d 294 (3rd Cir. 1973), *cert. denied*, 416 U.S. 946 (1974).

In determining whether a state has waived its immunity from federal-court jurisdiction, the test to be applied by the Court is a stringent one. *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1999) (*College Sav. Bank*). A plaintiff, when proving a waiver of immunity, has the heavy burden of showing an "intentional relinquishment or abandonment of a known right or privilege." *Daye*, 344 F. Supp at 1343 (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). A waiver of immunity or consent to be sued in federal court must be clear and will not be lightly inferred. *Petty v. Tenn.-Mo. Bridge Commn*, 359 U.S. 275, 276 (1959); *United Carolina Bank v. Bd. of Regents of Stephen F. Austin St. Univ.*, 665 F.2d 553, 559 (5th Cir. 1982) (disapproved on other grounds as stated in *Saldana v. Garza*, 684 F.2d 1159 (5th Cir. 1982));

3

*Brennan v. Univ. of Kan.*, 451 F.2d 1287, 1290 (10th Cir. 1971) (*Brennan*). A relinquishment of immunity requires an expressed, clear, unequivocal declaration by the state indicating its intention to consent to federal jurisdiction that otherwise would be barred. *See, e.g., Pennhurst*, 465 U.S. at 99; *Atascadero St. Hosp.*, 473 U.S. at 238 n.1; *College Sav. Bank*, 527 U.S. at 675; *Rothstein v. Wyman*, 467 F.2d 226, 238 (2nd Cir. 1972), *cert. denied*, 411 U.S. 921 (Apr. 2, 1973); *Brennan*, 451 F.2d at 1290. The general rule is that "a waiver of immunity will be found only where stated in the most express language, or where presented by such overwhelming implication from the text so as to leave no room for any other reasonable construction." *Daye*, 344 F. Supp. at 1343.

In the instant case, the State has not affirmatively consented to invocation of this Court's jurisdiction over any of Carrillo's Constitutional claims. Nor is there an overwhelming implication that the State impliedly or constructively waived its sovereign immunity against suit in this Court.

Based on the above, the State's Motion to Dismiss is granted. Plaintiff's Complaint is dismissed without prejudice to refile within thirty days of this Order, if Plaintiff can do so consistent with Federal Rule of Civil Procedure 11.

Dated: 8-3-05

JOHN W. DARRAH
United States District Judge

4