# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

JH

| | |
|---|---|
| CARLOS CARRILLO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 05 C 0686 |
| JUDGE TIMOTHY J. CHAMBERS, ) | |
| JUDGE GRACE G. DICKLER, ) | John W. Darrah |
| COOK COUNTY STATE'S ) | |
| ATTORNEY RICHARD DEVINE, ) | |
| ILLINOIS ATTORNEY GENERAL ) | |
| LISA MADIGAN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Carlos Carrillo, filed, *pro se*, an Amended Complaint against Defendants, seeking damages and injunctive relief under Title 42 U.S.C. § 1983, § 1985 and § 1986 for alleged violations of Carrillo's Constitutional rights under the Fifth, Sixth, Eleventh, and Fourteenth Amendments. The alleged violations arose out of Carrillo's arrest for violating an order of protection issued by the State's court system. Richard Devine, the State's Attorney of Cook County, is one of the named Defendants in the Amended Complaint. Presently pending before this Court is Devine's Motion to Dismiss.

## BACKGROUND

A reading of the Amended Complaint supports the following summary of the alleged operative conduct of the parties.

On September 29, 2002, Carrillo was charged with domestic battery. On September 30, 2002, Judge Timothy Chambers, in the Circuit Court of Cook County, Illinois, issued a plenary order of protection against Carrillo. Carrillo was not notified of the hearing,

was not present in court, and was not informed of the entry of the order. On October 3, 2002, Carrillo was arrested and criminally charged for violating the order of protection. The following day, Carrillo was brought before Judge Chambers for a bond hearing on the criminal charges. At the bond hearing, the assistant state's attorney appearing in bond court represented to Judge Chambers that the order of protection had earlier been served on Carrillo in court on September 30, 2002. Thereafter, Judge Chambers ordered Carrillo incarcerated without bond. Following these events, Devine received letters of grievance from Carrillo but took no action, in violation of Carrillo's due process rights. On November 22, 2002, Carrillo filed an unsuccessful motion to vacate the previously entered order. On April 9, 2004, Judge Grace Dickler, in the Circuit Court of Cook County, entered a six-month order of protection against Carrillo. Thereafter, on or about December 17, 2004, Judge Dickler issued a two-year order of protection against Carrillo.

Carrillo seeks money damages and punitive damages, as well as injunctive relief in the form of a federal investigation into the plenary orders issued against him. Carrillo alleges a variety of claims. The claims, however, are not separated into individual counts. Among his claims are that Devine and the co-defendant state judges failed to conduct proper judicial proceedings against him, resulting in the issuance of illegal orders of protection against him, and that he has been denied equal protection at all levels of the law in Cook County. Carrillo's claims against Devine, in particular, are that Devine failed to take action following the letters of grievance to ensure that Carrillo's procedural due process rights were respected by the assistant state's attorney(s) prosecuting his case.

Devine presents six arguments for dismissal. Specifically, Devine moves to dismiss the Amended Complaint on the grounds that this Court lacks subject-matter jurisdiction to review

state court judgments alleged to have caused harm to Carrillo. In addition, Devine argues that this Court lacks subject-matter jurisdiction to consider the claims against him because they are barred by the Eleventh Amendment and because he is entitled to absolute immunity. Further, Devine moves for dismissal on the grounds that Carrillo's Section 1983 claim fails to allege the essential element that a named defendant was personally involved in the alleged deprivation of rights, that Carrillo lacks standing to bring a claim for injunctive relief, and that all of Carrillo's Section 1983 claims are time barred by the statute of limitations.

## ANALYSIS

When reviewing a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corp. Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Generally, a plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002) (*Swierkiewicz*); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002) (*Walker*). A filing under Federal Rules of Civil Procedure need not contain all the facts that will be necessary to prevail. It should be "short and plain," and it suffices if it notifies the defendant of the principal events. *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). The simplified notice pleading relies upon liberal discovery and summary judgment motions to define disputed issues and facts and to dispose of unmeritorious claims. *See Swierkiewicz*, 534 U.S. at 513. Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

*Review of State Court Judgments*

Devine moves for dismissal of all claims brought by Carrillo which seek the reversal of state court judgments. Devine argues that, because aggrieved litigants are barred from relying on Section 1983 as a means for contesting the outcome of state court litigation, this Court lacks subject-matter jurisdiction to entertain any of Carrillo's claims.

Under the *Rooker-Feldman* doctrine, it is well settled that a federal district court lacks original subject-matter jurisdiction to review state court judgments and may not entertain suits seeking to set aside state court rulings. *Gash Assoc. v. Village of Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993), *citing Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462 (1983); *see also Edwards v. Ill. Bd. of Admissions to the Bar*, 261 F.3d 723, 728 (7th Cir. 2001) (*Edwards*). The doctrine applies to claims that are actually raised before a state court and claims that are inextricably intertwined with a state-court determination. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir.1999) (*Long*). In determining the applicability of the *Rooker-Feldman* doctrine, "the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Long*, 182 F.3d at 555, *quoting Centres, Inc. v. Town of Brookfield*, 148 F.3d 699, 701-02 (7th Cir.1998) (*Centres*). If the alleged injury of the federal plaintiff is distinct from the state court judgment and not inextricably intertwined with it, the district court is not barred from hearing the suit. *Centres*, 148 F.3d at 702. In determining whether the alleged injury is inextricably intertwined, the court focuses on whether it is being called upon to review the state court decision. *Edwards*, 261 F.3d at 729.

Under the *Rooker-Feldman* doctrine, the validity or soundness of the state court judgment is irrelevant. No matter how wrongful a state court decision may have been, a federal

4

district court lacks jurisdiction to reverse or modify any judgment where the injury alleged by a federal plaintiff resulted from the state court judgment itself. *Garry v. Geils*, 82 F.3d 1362, 1365-66 (7th Cir. 1996) (*Garry*). Even where a state court judgment is erroneous and may have been entered following procedures said to be unconstitutional, pursuit of a Section 1983 action which effectively constitutes a collateral attack on a state court judgment is not permitted in a federal district court. *Garry*, 82 F.3d at 1366 n5; *see also Gash*, 995 F.2d at 728. Rather, the review of state court decisions is reserved exclusively to the appellate courts of the various states or the U.S. Supreme Court upon a grant of a writ of *certiorari*. *See Gash*, 995 F.2d at 728; *Edwards*, 261 F.3d at 728. Where a grant of relief by a federal district court would have the effect of voiding a state court ruling, adjudication of the claim by a district court is barred. *Levin v. Attorney Registration and Disc. Commn.*, 74 F.3d 763, 766 (7th Cir. 1996). A federal district court has no choice but to dismiss a suit for lack of jurisdiction where the suit is brought by a defendant asserting an injury at the hands of the state resulting from an adverse ruling made by the state court. *Garry*, 82 F.3d at 1368, n12.

Carrillo specifically prays for the setting aside of all adverse state court rulings allegedly entered against him illegally. Granting of Carrillo's prayer for relief would have the effect of voiding a state court judgment alleged to have caused him injury. To the extent Carrillo's claims seek such relief, the claims must be dismissed for lack of jurisdiction.

*Eleventh Amendment and State Sovereignty*

Devine also moves for dismissal on the ground of state sovereignty. Devine argues that this Court lacks jurisdiction to entertain Carrillo's suit against him because Devine, as a State officer, when acting on behalf of the State, enjoys protection under the Eleventh Amendment against money claims brought against him.

Carrillo seeks compensatory and punitive damages from both the State and the named Defendants. Carrillo's Complaint does not specify whether the Section 1983 claims against Devine are intended to be brought as official-capacity suits or personal-capacity suits. To the extent Carrillo's claim is against Devine in his official capacity, an Eleventh Amendment analysis is warranted.

Generally, under 42 U.S.C § 1983, a plaintiff may be granted relief where he has been deprived of rights or privileges secured for him by the Constitution and law. Although legal and equitable remedies are contemplated by Section 1983, application of the statute is limited in scope in terms of who may be sued by a plaintiff and under what circumstances they may be sued.

In instances where a plaintiff brings a suit against a government official in his official capacity pursuant to Section 1983, the suit is treated as a claim against the particular government entity for which the government officer works. *Ky. v. Graham*, 473 U.S. 159, 165 (1985) (*Graham*).

Suits against state governments and suits against municipal and county governments are treated differently. In the case of suits against state governments, the Eleventh Amendment's sovereign immunity clause expressly precludes federal courts from exercising jurisdiction over any law or equity claims. *Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 446 (2004); *Will v. Mich. Dept. of St. Police*, 491 U.S. 58, 66 (1989) (*Will*); *Pennhurst St. Sch. v. Halderman*, 465 U.S. 89, 100-01 (1984). Specifically, the Eleventh Amendment's sovereign immunity clause bars federal district courts from adjudicating suits brought by private litigants against

states or their agencies, including state officials acting in their official capacities. *Garcia v. City of Chi*, 24 F.3d 966, 969 (7th Cir. 1994) (*Garcia*); *see also Fayemi v. Pucinski*, 155 F.Supp.2d 944, 948 (N.D. Ill. 2001) ("the Eleventh Amendment bars federal courts from exercising jurisdiction over actions brought by a citizen against a state, a state agency, or state official").

Central to ascertaining liability for damages under Section 1983 is the status of the government entity by which the government officer is employed. The law of a state deserves whether a particular official is to be considered the legal equivalent of the State. *Garcia*, 24 F.3d at 969. Under Illinois law, "a state's attorney is a state, not a county, official." *Ingemunson v. Hedges*, 133 Ill.2d 364, 369 (1990). Therefore, any suit against a state's attorney in Illinois who is acting in his official capacity is construed to be and is treated as a suit against the State. *See Will*, 491 U.S. at 71 ("a suit against a state official is not a suit against the official, but rather is a suit against the official's office," which is "a suit against the State itself."). In Illinois, as a matter of law, a state's attorney, acting in his official capacity, is the legal equivalent of the State. *See Garcia*, 24 F.3d at 969; *see also Graham*, 473 U.S. at 166. Similarly, a claim brought against any assistant state's attorney acting in his official capacity on behalf of a state's attorney is construed to constitute a claim brought against the State. *See, e.g., McGrath v. Gillis*, 44 F.3d 567, 571 (7th Cir. 1995) (an assistant state's attorney is a surrogate for a state's attorney).

Because, here, the alleged acts or omissions relating to and stemming from the issuance and enforcement of the orders of protection were performed either by Devine or his assistant state's attorney(s) acting in their official capacities on behalf of the State, the alleged acts are not those of a person under Section 1983. Rather, the alleged acts are equivalent to and constitute acts of the State. Because Devine was acting as a state government officer, Carrillo is unable to prove any set of facts would entitle him to relief under Section 1983. Therefore, to the extent

7

Carrillo's Complaint is an official-capacity suit against Devine, all the Section 1983 claims against Devine are dismissed.

*State's Grant of Absolute Prosecutorial Immunity*

Devine also moves for dismissal of the claims against him on the ground that, as a prosecutor, he is shielded from Section 1983 suits in his individual capacity. Devine argues that this Court lacks subject-matter jurisdiction because he enjoys absolute immunity from Section 1983 damage suits in his personal or individual capacity.

"Individual and official capacity suits are separate, and generally, 'a government official may be sued in his individual capacity for acts done within the scope of his employment.'" *Roberts v. County of Cook*, 213 F.Supp.2d 882, 885 (N.D. Ill. 2002).

It is well-settled that prosecutors are absolutely immune from a suit for damages under Section 1983 for initiating a prosecution and presenting the State's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (*Imbler*). Further, it is well-established that a prosecutor is entitled to absolute immunity from suit under § 1983 with respect to certain types of official conduct, including initiation and pursuit of criminal prosecution, presentation of the state's case at trial and any other conduct that is closely associated with the judicial process. *See Mendenhall v. Goldsmith*, 59 F.3d 685, 689 (7th Cir. 1995); *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (*Buckley*); *Imbler*, 424 U.S. at 427. Prosecutors are entitled to "absolute immunity when their actions are within the scope of their prosecutorial duties." *Arnold v. McClain*, 926 F.2d 963, 967 (10th Cir. 1991); *see, e.g., Wolfe v. Perry*, 412 F.3d 707, 722 (6th Cir. 2005). A prosecuting attorney is "fully protected by absolute immunity when performing the traditional functions of an advocate." *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997). This protection of immunity

includes a prosecutor's decision not to pursue charges as well. *Potts v. O'Malley*, 1995 WL 745960 at 3 (N.D. Ill. Dec. 1, 1995) (*Potts*), citing *Ross Yordy Const. Co. v. Naylor*, 55 F.3d 285, 287 (7th Cir. 1995). Absolute immunity even shields a prosecutor "if he initiates charges maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986); *see, e.g., Siegel v. Rabinovitz*, 121 F.3d 251, 257 (7th Cir. 1997). Further, the shield covers acts and omissions by prosecutors relating to the preparation and submission of a petition for involuntary commitment (*see, e.g., Scott v. Hern*, 216 F.3d 897, 909 (10th Cir. 2000)) and assistant state's attorneys when signing petitions initiating judicial inquiry into an individual's mental condition (*Byrne v. Kysar*, 347 F.2d 734, 736 (7th Cir. 1965)). The protection extends to acts both in and out of the courtroom where the prosecutor is acting in his role as an advocate for the State. *Pinaud v. Co. of Suffolk*, 52 F.3d 1139, 1148 (2d Cir. 1995), citing *Buckley*, 509 U.S. at 259. In addition, absolute prosecutorial immunity is applicable and extends to all assistant state's attorneys in the offices of the State's Attorney of Cook County. *See Potts*, 1995 WL 745960 at *3.

Carrillo seeks a grant of relief relating to the acts of the assistant state's attorney(s) in the courtroom. Carrillo also seeks relief for Devine's alleged out-of-the-courtroom failure to take action to ensure respect for Carrillo's due process rights by the assistant state's attorney who was prosecuting his pending cases in state court after he received grievance letters from Carrillo.

Because all of Carrillo's allegations against Devine arise from the performance of prosecutorial duties by an assistant state's attorney and all of the allegations are directly related to the prosecution of the charges against Carrillo in the underlying criminal proceedings commenced on October 3, 2002, all of Devine's alleged conduct and the alleged conduct of his

9

assistant state's attorney(s) constitute activities and actions "within the scope of their prosecutorial duties", integral to the judicial process. Carrillo's claim against Devine in his individual or personal capacity is barred by absolute prosecutorial immunity. Accordingly, all Section 1983 claims by Carrillo against Devine are dismissed.

*Lack of Standing to Bring a Claim for Injunctive Relief*

Devine also moves for dismissal on the ground that Carrillo lacks standing to bring a claim for injunctive relief. Devine argues that this Court lacks subject-matter jurisdiction to consider Carrillo's plea for injunctive relief because Carrillo has failed to allege that he is likely to suffer future injury from Devine's alleged misconduct and has, therefore, failed to plead that a present case or controversy exists.

Carrillo essentially seeks injunctive relief ordering a federal investigation into the orders of protection that were entered against him.

The standing requirement inherent in Article III of the U.S. Constitution requires that a party seeking to invoke the jurisdiction of the federal courts, present an "actual case or controversy." *Perry v. Sheahan*, 222 F.3d 309, 313 (7th Cir. 2000), *citing City of L.A. v. Lyons*, 461 U.S. 95, 101 (1983) (*Lyons*). A plaintiff must show that he "has sustained or is immediately in danger of sustaining some direct injury." *Lyons*, 461 U.S. at 101. The injury or threat of injury must be both "real and immediate," not merely "conjectural" or "hypothetical." *Lyons*, 461 U.S. at 101. Past encounters are not generally sufficient, by themselves, to show a likelihood of recurrence. *Lyons*, 461 U.S. at 102-03. To establish standing, a plaintiff must demonstrate a "personal stake in the outcome in order to assure that concrete adverseness which sharpens the presentation of issues necessary for the proper resolution of constitutional questions" exists. *Lyons*, 461 U.S. at 101. To establish the presence of a case or controversy

when seeking injunctive relief in a federal court, a plaintiff must show that he is realistically threatened by a repetition of the events alleged in his complaint. *Patterson v. Koerner*, 2004 WL 406979 at 3 (N.D. Ill. Feb. 6, 2004) (*Patterson*), *citing Lyons*, 461 U.S. at 109-10. A plaintiff has no standing to pursue injunctive relief against a prosecutor for a hypothetical future arrest feared by the plaintiff. *Horstman v. County of DuPage*, 284 F.Supp.2d 1125, 1130-31 (N.D. Ill. 2003). The dismissal of a claim is proper where the defendant has failed to allege a case or controversy. *Patterson*, 2004 WL 406979 at 3, *citing Lyons*, 461 U.S. at 110.

Carrillo alleges only past wrongs committed against him, which, in the absence of an alleged realistic fear of future repetition of the events cited in his complaint, is insufficient to establish standing to seek injunctive relief. Because Carrillo fails to demonstrate the presence of an actual case or controversy, this Court lacks jurisdiction to entertain his claim for injunctive relief. Accordingly, Carrillo's claims seeking injunctive relief against Devine are dismissed.

*Personal Involvement Element and Statute of Limitations*

Because each of the above grounds for dismissal renders, in whole or in part, all the Section 1983 claims insufficient to sustain a cause of action upon which Carrillo can prevail, this Court need not address either the argument that Carrillo's suit is barred by his failure to allege the element of personal involvement by Devine or the argument that the claims brought by Carrillo are time-barred by Illinois' two-year statute of limitations in Section 1983 cases.

*Claims Brought under Sections 1985 and 1986*

In bringing this action, Carrillo specifically alleges in the statement of jurisdiction that, in addition to the claims brought pursuant to 42 U.S.C. § 1983, claims are brought pursuant to 42 U.S.C. § 1985 and § 1986. Notwithstanding Carrillo's general assertion of claims of

11

jurisdiction under Sections 1985 and 1986, the Amended Complaint contains no specific allegations that Devine or any of the other Defendants violated either of these Sections.

Under the Federal Rules of Civil Procedure, notice pleading requires only that the complaint state a claim. *See Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 714 (7th Cir. 2006) ("Federal complaints plead claims rather than facts.") (*Kolupa*). Although there are no special pleading requirements for civil rights matters, *Walker*, 288 F.3d at 1007, 1011, and plaintiffs are not required to plead facts or legal theories, a plaintiff's complaint must set forth "a short statement, in plain (that is, ordinary, non-legalistic) English, of the legal claim" against the defendant. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002) (*Higgs*). Where a non-specific, general claim is asserted in a complaint "without identifying acts claimed to have constituted the claim," the complaint is defective. *See, e.g., Higgs*, 286 F.3d at 439. Where a complaint contains no more than a bare allegation of conspiracy, it fails "to enable [the defendant] to prepare his defense or for the district court to determine whether the claim [is] within the ballpark of possibly valid conspiracy claims, the two functions [assigned] to notice pleading." *Walker*, 288 F.3d 1008.

Furthermore, under Section 1985(3), a plaintiff must plead "some racial, or perhaps, otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Cole v. Noonan & Lieberman, Ltd.*, 2005 WL 2848446 at 7 (N.D. Ill. Oct. 26, 2005) ( *Cole*), *quoting Griffin v. Breckenridge*, 403 U.S. 88 (1971) (*Griffin*). The class-based invidiously discriminatory animus requirement is narrowly construed to prevent Section 1985 from being converted into a "general federal tort law." *Griffin*, 403 U.S. at 102. Purported classes include those based on

race, ethnic origin, sex, religion, and political loyalty. *See Rodgers v. Lincoln Towing Serv., Inc.*, 771 F.2d 194, 203 (7th Cir. 1985).

Carrillo's Amended Complaint does not set out even a simple conclusory allegation that Devine or any of the other named Defendants conspired or acted in concert against him. Nor does Carrillo's Amended Complaint indicate the approximate time of an alleged conspiracy agreement or even mention the word "conspire" or any of its derivative forms. In addition, Carrillo's Amended Complaint contains no allegation as to racially or other class-based invidiously discriminatory animus against Carrillo, as is required.

Because Carrillo has not alleged any conspiratorial conduct and has not alleged any racial or otherwise class-based invidiously discriminatory animus behind Devine's actions, dismissal of his Section 1985 claim(s) is warranted.

Pursuant to Section 1986, a condition precedent to stating a valid Section 1986 claim is the existence of a valid Section 1985 claim. *Santistevan v. Loveridge*, 732 F.2d 116, 118 (10th Cir. 1984). Because Carrillo's Amended Complaint fails to adequately state a claim under Section 1985, Carrillo's Section 1986 claim is also dismissed.

## CONCLUSION

For the foregoing reasons, Devine's Motion to Dismiss is granted. All claims brought against Devine seeking monetary damages under 42 U.S.C. § 1983 and all claims seeking grants of relief necessitating the review of state court judgments which have been alleged to have

caused injury to Carrillo are dismissed with prejudice. All claims seeking injunctive relief and all suits brought pursuant to 42 U.S.C. § 1985 or 42 U.S.C. § 1986 are dismissed without prejudice to refile in accordance with Federal Rule of Civil Procedure 11, consistent with the foregoing findings, within thirty days of this Order.

Dated: May 19, 2006

JOHN W. DARRAH
United States District Court Judge